IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL A. SIMMONS, | § § | |
| *Plaintiff,* | § § | SA-19-CV-00848-DAE |
| vs. | § § | |
| VANGUARD RESOURCES INC., | § § | |
| *Defendant.* | § § | |

### ORDER

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed July 16, 2019 [#1]. The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP and order that his proposed Complaint be docketed but require Plaintiff to file a more definite statement before ordering service of his Complaint on Defendant.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1

income and asset information, which indicates that Plaintiff is unemployed and does not have any other regular income. Plaintiff claims to have only $10,000 in his checking or savings account and has one dependent, a daughter, for whom he is responsible as to clothing, food, and college tuition. Plaintiff carries debts in the form of a mortgage and automobile loan. The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II. More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Complaint sues Vanguard Resources, Inc., his former employer, under Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* Plaintiff alleges that he was the victim of race and age discrimination in employment when he was terminated for the stated reason of using a client's truck without permission for his personal gain. The record demonstrates that Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter on April 20, 2019.

Based on these facts, it appears that Plaintiff properly exhausted his administrative remedies before filing suit and timely filed this action. However, to state a plausible claim of

---

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

race or age discrimination, Plaintiff must allege some facts suggesting that his termination was due to his race or age. Aside from identifying the race of his supervisor as Caucasian, Plaintiff has not done so. Accordingly, the Court will order Plaintiff to file a more definite statement clarifying the following: (1) any ways in which he claims Defendant discriminated against him because of his race or age; and (2) the factual basis for his assertion that Defendant's actions were based on his age or race.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. Service upon Defendant should be withheld pending this Court's review under § 1915(e).

**IT IS FURTHER ORDERED** that **within 21 days of this Order**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. In this More Definite Statement, Plaintiff should respond to the following instructions and questions:

(1) Please describe any ways in which you claim Defendant discriminated against you because of your race or age, such as your termination or other discriminatory conduct during your employment?

(2) Please describe the factual basis for your assertion that Defendant's actions were due to your age or your race? For example, were other employees who do not share your race or age treated differently or more favorably under similar circumstances?

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 6th day of August, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE