IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL A. SIMMONS, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00848-DAE |
| vs. | § § | |
| VANGUARD RESOURCES INC., | § § § | |
| *Defendant.* | § § | |

## **ORDER**

Before the Court is the above-styled cause of action, in which all pretrial matters have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).

The record reflects that on August 6, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis* but ordered that Plaintiff file a more definite statement to clarify whether Plaintiff's allegations give rise to a viable cause of action for race or age discrimination [#2]. The Court ordered that Plaintiff's Complaint be filed but that service be withheld pending the Court's review of the more definite statement. Plaintiff timely filed a response to the Court's Order on August 27, 2019 [#4].

Plaintiff's more definite statement alleges at least one nonfrivolous claim. Plaintiff's Original Complaint sues Vanguard Resources, Inc., his former employer, under Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* Plaintiff alleges that he was the victim of race and age discrimination in employment when he was terminated for the stated reason of using a client's truck without permission for his

personal gain. The record demonstrates that Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter on April 20, 2019. Plaintiff's more definite statement expands upon these allegations by clarifying that he is an African American and that his supervisor is Caucasian. Plaintiff alleges that his supervisor regularly used the same client's truck for his actual personal use over the three-year period in which Plaintiff was employed by Defendant, whereas Plaintiff used the vehicle only one time and for a work-related purpose. Plaintiff claims he was held to a different standard than his supervisor on account of his race when he faced termination for this conduct and his supervisor was treated more favorably.

Notably, it is unclear from the current pleadings whether the supervisor will ultimately qualify as an appropriate comparator for purposes of Plaintiff's Title VII race discrimination claim. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (noting that in deciding whether employees are similarly situated enough to be deemed comparators, their situations must be "nearly identical," and courts consider whether the two employees have the same supervisor, whether they work for the same division, and whether they have similar job duties, among other things). Whether Plaintiff and his supervisor are similarly situated for purposes of Title VII will depend on multiple factors, including whether the supervisor and Plaintiff were subject to the same policy or expectation regarding use of client vehicles, and whether the same decisionmaker would be involved in making termination/non-termination decisions about the supervisor and Plaintiff.

But Plaintiff is, of course, *pro se*. Ultimately the Court finds that the facts alleged in Plaintiff's Complaint and more definite statement, construed liberally in favor of Plaintiff, allege a plausible claim of race discrimination under Title VII. *See Nasti v. CIBA Specialty Chems.*

*Corp.*, 492 F.3d 589, 593 (5th Cir. 2007). Accordingly, Plaintiff has stated at least one non-frivolous claim in this case. The Court will therefore order that Plaintiff's Complaint be served on the named Defendant in this lawsuit.

**IT IS FURTHER ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for each Defendant required to be served and the United States Marshal's Service shall serve each Defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

SIGNED this 6th day of September, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE