UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PAUL A. SIMMONS,

        **Plaintiff,**

v.                                 **Case No. 5:19-CV-0848-JKP**

VANGUARD RESOURCES INC.,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Defendant's Motion for Summary Judgment* (ECF No. 13). The motion is ripe for ruling. For the reasons that follow, the Court grants the motion.

## I. BACKGROUND

Plaintiff commenced this action without counsel by filing a civil complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. *See* Compl. (ECF No. 3). The Court previously dismissed the ADEA claim. *See* Order (ECF No. 12). In doing so, it noted that Plaintiff's statement of discrimination only includes facts related to race discrimination. *See id.* The same day the Court dismissed the ADEA claim, it issued a summary judgment briefing schedule and set a May 7, 2020 deadline for any motion for summary judgment. *See* ECF No. 14. Defendant filed the instant motion seeking summary judgment on the same day the Court dismissed the ADEA claim. Plaintiff did not file a response until three months later on May 7, 2020. *See* ECF No. 16. In reply, Defendant urges the Court to disregard the untimely response while also arguing that Plaintiff's claims fail in any event. *See* ECF No. 17.

## II. SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56(a), courts "grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "As to materiality, the substantive law will identify which facts are material" and a fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a dispute over a material fact qualifies as "genuine" within the meaning of Rule 56. *Id.* Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claims." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *2 (N.D. Tex. July 8, 2019) (citing *Celotex Corp.*, 477 U.S. at 325).

In determining whether to grant summary judgment, the courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). If the movant carries that initial burden, the burden shifts to the party opposing the motion to pre-

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

sent competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita*, 475 U.S. at 586-87; *see also*, Fed. R. Civ. P. 56(c). Upon the shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. In other words, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

Notably, federal courts do "not grant a summary judgment by default where no response has been filed." *Eyer v. Rivera*, No. SA-17-CV-01212-JKP, 2019 WL 5543166, at *2 n.3 (W.D. Tex. Oct. 25, 2019) (quoting *Bradley v. Chevron U.S.A., Inc.*, No. 2:04-CV-092-J, 2004 WL 2847463, *1 (N.D. Tex. Dec. 10, 2004)). Therefore, regardless of the timeliness of Plaintiff's response, the Court must review the motion to determine whether Defendant has satisfied its summary judgment burden and thereby shifted the burden to Plaintiff.

Through his complaint, Plaintiff alleges that he was terminated because he used a client's truck for personal gain without permission. He alleges that his Caucasian supervisor was given permission. Through a Statement of Discrimination (ECF No. 4), he specifies that he was terminated because of his "race (African American)" for the same alleged violations that did not result in his supervisor's termination.

Defendant argues that Plaintiff has failed to present a prima facie showing of race discrimination and that, in any event, it had a legitimate, non-discriminatory reason for terminating him. While obfuscating its positions somewhat by relying on standards applicable to motions to

dismiss, rather than remaining focused on the summary judgment standards, Defendant has carried its summary judgment burden by pointing to the absence of admissible evidence to support Plaintiff's discrimination claim.

In his untimely response to the motion, Plaintiff reiterates the allegations of his complaint and statement of discrimination with some additional facts set forth under penalty of perjury. In that verified response, he maintains that his Caucasian supervisor (Scott Fischman) was treated more favorably because Fischman is still employed although he committed the same alleged infraction. The response does not ultimately affect the outcome of this case. The Court will consider it despite its untimeliness.

Because Plaintiff's Title VII claim of race discrimination is based on circumstantial evidence, the *McDonnell Douglas*[2] burden-shifting framework applies. *See Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018). Under that framework, the plaintiff has an initial burden to

> make out a prima facie case for race discrimination, by showing that he "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group."

*Id*. (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). Once "the plaintiff makes this showing, the burden then shifts to the employer to set forth some legitimate, non-discriminatory reason for its decision." *Id*.

In this case, there is no issue regarding the first three elements of the prima facie case. But Plaintiff has not made the requisite prime facie showing that any similarly situated non protected class member was treated more favorably. He merely uses his supervisor as his lone comparator. Although the supervisor is outside Plaintiff's protected group, Defendant has presented undisputed evidence that the supervisor had different work responsibilities than Plaintiff had.

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Such a difference is sufficient to make the two not similarly situated. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009). Consequently, Plaintiff has not carried his burden to show he was treated less favorably than a similarly situated employee. And he has not raised any genuine dispute of material fact that would overcome Defendant's motion for summary judgment.

After reviewing the briefing and summary judgment evidence, Plaintiff's complaint and statement of discrimination, and the relevant law, the Court **GRANTS** *Defendant's Motion for Summary Judgment* (ECF No. 13). By separate document, the Court will enter Final Judgment for Defendant.

**SIGNED this 14th day of August 2020.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**